IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT ANDREW CONDON

vs.                                            Case No.:      3:19cv3613/RV/CAS

MARNE SUTTEN

## ORDER, and REPORT AND RECOMMENDATION

Petitioner Robert Andrew Condon initiated this action by filing, through counsel, what purported to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   ECF No. 3.   The actual petition, however, was on the form for filing motions under 28 U.S.C. § 2255.   ECF No. 1. The court directed Petitioner to clarify whether he wished to proceed under § 2255 or § 2241 and correct other deficiencies in his submission.   ECF No. 5 at 2.   Instead of responding to that order, Petitioner requested the issuance of a summons, which was subsequently served.   ECF Nos. 6-8.

On November 14, 2019, the court entered another order directing Petitioner to clarify how he wished to proceed in this court, under § 2255 or § 2241.   ECF No. 9.   Petitioner responded by moving to withdraw the

summons (ECF No. 10) and filing an amended motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 11.

Courts typically "must respect a litigant's decision to invoke a certain statute." *Wyatt v. United States*, 574 F. 3d 455, 460 (7th Cir. 2000). Through his amended submission, Petitioner in this case has invoked 28 U.S.C. § 2255. The plain language of § 2255(a) requires that such a motion be filed in "the court which imposed the sentence." This court did not impose Petitioner's sentence. Additionally, the undersigned notes that at least one court has recognized that a person convicted in a court-martial proceeding may not file a section 2255 challenge in the court of conviction because, following conviction, that court ceases to exist. *See Gilliam v. Bureau of Prisons*, 208 F.3d 217, Case 99-1222, 2000 WL 268491, at *1 (8th Cir. 2000) (citing *United States v. DuBay*, 37 C.M.R. 411, 413 n. 2 (C.M.A.1967) (noting that, unlike the civil courts, the court-martial structure does not allow for consideration of collateral issues by the trial court)). In either event, the § 2255 motion challenging Petitioner's court martial conviction is not properly before this court.

Petitioner initially identified his case as arising under 28 U.S.C. § 2241. *See* ECF No. 3. Section 2241 is the proper means for a person

convicted by court-martial to seek habeas relief after exhausting his direct military appeals and such post-conviction remedies as he may have under the Uniform Code of Military Justice. *See Clinton v. Goldsmith*, 526 U.S. 529, 537 n. 11 (1999). However, as Petitioner was previously advised, jurisdiction over a petition pursuant to 28 U.S.C. § 2241 lies in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Therefore, this court also lacks jurisdiction to consider Petitioner's request for review, if it is construed as arising pursuant to § 2241, because he is confined in Leavenworth, Kansas. ECF No. 11 at 1.

Whether construed as a motion pursuant to 28 U.S.C. § 2255 or a habeas petition pursuant to 28 U.S.C. § 2241, the instant motion should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of

appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

Petitioner's Motion to Withdraw Summons (ECF No. 10) is **GRANTED**.

And based on the foregoing, it is respectfully **RECOMMENDED**:

1. Petitioner's "Amended Motion under 28 U.S.C. § 2255" (ECF No. 11) be summarily **DISMISSED**.

2. A certificate of appealability be **DENIED**.

Case No.: 3:19cv3613/RV/CAS

At Pensacola, Florida, this 4th day of December, 2019.


S\ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.